**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

R. Wayne Johnson,                                    Civ. No. 22-0304 (WMW/BRT)

          Plaintiff,

v.                                                   **REPORT AND RECOMMENDATION**

Sarah Pfieffer; Amy Draeger; T.S.
Barnetto; and Amy Pletscher, Judge,

          Defendants.

---

Plaintiff R. Wayne Johnson, a prisoner, initiated this action without submitting the required filing fee or an application to proceed *in forma pauperis* ("IFP").[1] The Clerk of Court warned Johnson on February 1, 2022, that he would be required to either pay the required filing fee or apply for IFP status within 15 days, failing which this action might be dismissed without prejudice for failure to prosecute. *See* (Doc. No. 2.) That deadline has now passed, and Johnson has not paid the filing fee or applied for IFP status.[2]

---

[1] Johnson is a prolific litigant nationwide—so much so that he has for many years been ineligible to proceed IFP in federal court due to the operation of 28 U.S.C. § 1915(g). *See Johnson v. United States Postal Service*, No. CIV-20-350-D, 2020 WL 3027675, at *1 (W.D. Okla. June 5, 2020) (collecting cases). Accordingly, had Johnson applied for IFP status, that application would have been denied, and Johnson would have been ordered to pay the full $402.00 filing fee for this action. And had Johnson not paid the filing fee within 14 days after denial of the IFP application, it would have been recommended, as it is recommended here, that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

[2] Johnson suggests in a letter to the Court that he does not owe fees for this case because it is a criminal rather than a civil matter. *See* (Doc. No. 4.) But this merely

Accordingly, this Court now recommends, in accordance with the warning previously given to Johnson, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: February 22, 2022         *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

introduces a new problem for Johnson: he lacks standing to initiate a criminal proceeding in federal court. *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1060-61 (D. Minn. 2009).